IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALERXI RONDON REYES,<br>    *Petitioner* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| J.L. JAMISON, in his official capacity as | : | |
| the Warden of the Federal Detention | : | |
| Center, et al., | : | |
|     *Respondent*s. | : | NO. 26-1324 |

MEMORANDUM

KENNEY, J.                                                                June 1, 2026

The Court writes for the benefit of the Parties and assumes familiarity with the facts of the case. Petitioner Alerxi Rondon Reyes moves this Court to reconsider its April 9, 2026 Order (ECF No. 15) denying his Petition for a Writ of Habeas Corpus. *See* ECF No. 16 (the "Motion"). In support of his Motion, Petitioner filed a memorandum of law (ECF No. 17) and medical records under seal (ECF No. 20). After Respondents opposed the Motion, ECF No. 22, Petitioner filed a reply in further support of his Motion along with updated medical records, ECF Nos. 23, 25. For the reasons set forth below, the Court will **DENY** Petitioner's Motion for Reconsideration (ECF No. 16).

I.       DISCUSSION

A motion for reconsideration is an "extremely limited" remedy, which courts grant only to "correct a clear error of law or fact or to prevent manifest injustice," when there is an intervening change in the law, or based on newly discovered evidence that was not available when the court issued its initial order.[1] *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citation omitted).

---

[1] Petitioner brings the instant Motion pursuant to both Federal Rule of Civil Procedure 59 and 60(b). ECF No. 16 at 1. Respondents view the Motion as an attempt to "relitigate [Petitioner's] habeas petition based on newly discovered evidence" and as such, construe the Motion as

1

Petitioner seeks reconsideration on the basis of three pieces of purportedly new evidence: (1) an email from Petitioner's Deportation Officer stating that Immigration and Customs Enforcement ("ICE") has not yet identified a third country for his removal; (2) a letter from the Philadelphia District Attorney's Office ("DAO") explaining why it withdrew the charges for driving under the influence and related offenses against Petitioner; and (3) Petitioner's medical records to date for his time at the Federal Detention Center and Moshannon Valley Processing Center. ECF No. 16 at 1–2; ECF No. 17 at 1–2; ECF No. 23 at 2–7. The Court finds that the three pieces of new evidence presented by Petitioner have no bearing on the Court's reasoning and decision to deny Mr. Rondon Reyes' Petition for a Writ of Habeas Corpus (ECF No. 1, the "Petition"), as laid out in its Memorandum Opinion. *See* ECF No. 14. The Court will address each piece of evidence in turn.

Beginning with the email from the Deportation Officer indicating that he did not have a travel document to a third country for Mr. Rondon Reyes and did not know what third country has been designated as of April 15, 2026, ECF No. 16-2, Petitioner argues that his re-detention by ICE was unlawful because "Respondents took Mr. Rondon Reyes back into custody on February 27, 2026 when they knowingly could not remove him and had no plans to do so," ECF No. 17 at 8. According to Petitioner, the April 15, 2026 email from his Deportation Officer (ECF No. 16-2) shows that his deportation "was not reasonably foreseeable when ICE revoked his OSUP, and is

proceeding under Rule 59. ECF No. 22 at 2 n.1. "Motions for reconsideration filed within Rule 59(e)'s twenty-eight day filing period are construed as timely filed Rule 59(e) motions to alter or amend judgment, rather than as Rule 60(b) motions for reconsideration." *Rollins v. May*, No. 19-cv-1255, 2022 WL 605577, at *1 (D. Del. Jan. 5, 2022) (footnote omitted); *see Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985). The Court's Order denying the Petition for a Writ of Habeas Corpus was dated April 9, 2026, ECF No. 15, and Petitioner's Motion was filed on May 7, 2026, ECF No. 16, exactly twenty-eight days after the Court's Order was entered. Accordingly, the Court will construe the Motion for Reconsideration as proceeding under Rule 59(e).

not reasonably foreseeable now," and as a result, he is entitled to immediate release. *Id.* at 9; *see* ECF No. 23 at 3–4. However, Petitioner has already raised this argument in his Petition, ECF No. 1 at 15, 17, 20, which this Court rejected, finding that "Petitioner's re-detention is not unlawful or unreasonable given that ICE is in the process of identifying an appropriate third country for Petitioner's removal, in accordance with his removal order and deferral from removal to the Dominican Republic," ECF No. 14 at 9. As Respondents note, the third country removal process takes time, ECF No. 22 at 5–6, and the fact that Petitioner's Deportation Officer represented that a third country had not yet been designated a month and a half into Petitioner's re-detention does not mean that ICE did not initiate the third country removal process or that Petitioner's removal is not reasonably foreseeable. To date, Petitioner has been detained for approximately three months, which is only half of the presumptively reasonable six-month period set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Because the Court has previously ruled on the issue of whether Petitioner's removal to a third country is reasonably foreseeable, ECF No. 14 at 9, and the April 15, 2026 email from Petitioner's Deportation Officer does not affect the Court's ruling on this issue, the Court will not reconsider its prior ruling on the basis of the April 15, 2026 email.

Turning to the April 21, 2026 letter from the Philadelphia DAO explaining why it withdrew charges against Petitioner stemming from his December 6, 2025 arrest, ECF No. 16-3, Petitioner argues that the letter constitutes new evidence supporting the conclusion that he did not violate the terms of his release when ICE revoked his OSUP and re-detained him, ECF No. 17 at 18–19; ECF No. 23 at 5–6. Petitioner claims that the letter establishes that "Mr. Rondon Reyes experienced significant medical complications on December 7, 2025, the day of his arrest, which gave rise to the criminal charges that have since been withdrawn." ECF No. 17 at 18–19. However, the Philadelphia DAO's letter does not actually state that Petitioner's medical issues caused the events

3

that resulted in his arrest. The letter merely indicates that Petitioner's medical records from the day of his arrest presented evidentiary concerns for the DAO that weighed in favor of withdrawing the charges against Petitioner. ECF No. 16-3 at 3. It offers no comment on whether Petitioner was, as he suggests, wrongfully arrested for and charged with driving under the influence, simple assault, recklessly endangering another person, false identification to law enforcement, and criminal mischief. *See id.* Thus, the DAO's letter does not signify that ICE unlawfully revoked Petitioner's OSUP by showing, as Petitioner claims, that he did not actually violate the condition of his release to not commit any crimes or be associated with any criminal activity. In any case, as this Court explained in its prior Memorandum Opinion:

> [I]t is not within the Court's purview to weigh in on Respondents' discretionary decision to revoke Petitioner's OSUP for violation of a condition of release. That is, it is not the Court's role to decide whether Petitioner committed any crimes or is associated with criminal activity as a result of his December 2025 arrest[.]

ECF No. 14 at 8. Petitioner argues that "[i]n a related context, judges in this district have found that subjecting a noncitizen to mandatory, prolonged detention, simply based on a dismissed or withdrawn charge, would not comport with due process," ECF No. 17 at 19, but a district court in this Circuit recently held that a noncitizen was lawfully detained by ICE under 8 U.S.C. § 1226(c)(1)(E) based upon an arrest and charges for aggravated assault and related offenses even though the charges were later withdrawn by the Commonwealth, *Jose Luis Lopez Cruz v. Jamison*, No. 26-cv-2278, 2026 WL 1257329, at *1 (E.D. Pa. May 7, 2026). In its prior Memorandum Opinion, this Court already concluded that Respondents did not violate due process or their own regulations when they revoked Petitioner's OSUP for violating a condition of his release even though the charges against him had been withdrawn by the DAO. ECF No. 14 at 8–9. The explanation provided by the DAO for why the charges against Petitioner were withdrawn does not change the Court's reasoning on this matter, and so, the April 21, 2026 letter does not provide a

4

basis for the Court to reconsider its denial of Mr. Rondon Reyes' Petition.

Finally, Petitioner argues that because his removal to a third country is not reasonably foreseeable and the revocation of his OSUP was unlawful since he did not violate any conditions of his release, his detention is unnecessary, especially in light of his severe and life-threatening medical conditions. ECF No. 17 at 3, 15, 17–18; ECF No. 23 at 6. As explained, the Court has found that Petitioner's re-detention is not unlawful or unreasonable based on the two grounds raised by Petitioner in the instant Motion. Petitioner's medical records have no relevance to whether Petitioner is properly detained and do not impact the Court's analysis regarding the lawfulness of his detention. In any event, while Petitioner's medical records reveal that he suffers from serious ailments, they also show that he is receiving adequate medical care while in detention, including being transported to outside hospital facilities for emergency care.[2] *See* ECF No. 17 at 8; ECF No. 20 at 4–5; ECF No. 25 at 31. Thus, the Court will not reconsider its Order denying the Petition on the basis of Petitioner's medical records.

## II.    CONCLUSION

Petitioner has not presented new evidence warranting a reconsideration of this Court's Order denying his Petition for a writ of habeas corpus (ECF No. 15). Accordingly, Petitioner's Motion for Reconsideration (ECF No. 16) will be **DENIED**. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**

---

[2] In his Reply brief, Petitioner states that his medical conditions have been exacerbated while in custody because he did not receive his medications for two days upon his initial arrival to Moshannon Valley Processing Center. ECF No. 23 at 6. The medical records show that while Petitioner arrived at Moshannon without any medications, his medications were ordered by the facility shortly after his arrival. ECF No. 25 at 20, 35.